Daniel, ./.
delivered the opinion of the court.
The court is of the opinion that the deed in the bill mentioned of the 8th of February 1840, between the appellees John C. Patterson and his two daughters Mary L. and Cicily M., was fraudulent and void as to creditors. The deed purports to be made “ in consideration of the sum .of one dollar, but more especially by virtue of the love and affection that he (the grantor) has for his said two daughters;” and was executed at a time when according to the proofs in the cause the grantor was greatly embarrassed and indebted, most probably to the extent of the value of his whole estate. And the effort to found the deed on a valid exchange of slaves for land has wholly failed; the evidence tending to prove a parol gift by the said John C. Patterson to his said two daughters, in 1837 or 1838, of certain slaves, which, in the joint answers of Rice and wife, Lowry and wife and bfelson A. Patterson, it is averred were exchanged for the land conveyed by the deed aforesaid, falling short of proving any such possession of the slaves by the said daughters as would confer on them a valid title thereto; and it also appearing that at the date of said alleged gift the said John C. Patterson was so indebted as to render any gift by him of his property, however complete in form, void as to his creditors.
The court is also of opinion that the intermarriages between the appellees MaryL. and Thomas R. Rice, and Cicily M. and Richard Lowry, since the execution of the deed aforesaid, do not, under the circumstances in this case, stand in the way of the appellant’s right to subject the land in said deed embraced, to the satisfaction of his demand. For whatever might have been the effect of such intermarriages on the rights of the parties, if they had been relied on and shown to have occurred before the date of the judgment, to the lien of which the-appellant seeks to subject said land, they could have presented no impediment to the assertion *571 of such lien, if they occurred after the date of the judgment. And it was incumbent on the said appellees, if they intended to rely on such matter, to have set it forth in their answers, and to have shown that said intermarriages were prior in date to the said judgment. For these reasons the court is also further of opinion that the decree of the Circuit court of the 18th September 1846 is erroneous and ought to be reversed: And the same is accordingly reversed with costs. And the court would now proceed to render a decree, subjecting the land conveyed by the deed aforesaid of the 8th of February 1840 to the satisfaction of the appellant’s debt. But as it appears from the deed made by John C. Patterson to the sheriff on taking the oath of an insolvent debtor at the suit of Smith, (filed as an exhibit by Reuben B. Patterson, with his answer,) that the said deed embraces not only the tract of 100 acres conveyed by the deed of the 8th February 1840, but also one other tract of 20 acres, and one other of 15 acres ; and as the court is of opinion that though the deed of the 8th February 1840 is void as to creditors it was good as between the parties thereto, and that it would be proper to subject the two last mentioned tracts of land in the first instance, before resorting to the tract of 100 acres conveyed by said last mentioned deed; and as the said Reuben B. Patterson in his answer admits that the execution of Smith has been in part satisfied, but does not state to what extent, and it does not appear what is the amount now due upon said execution; and the court is of the opinion that before a sale of the land is made it is proper that such amount should be ascertained; and is further of opinion that the cause is not in a proper situation for a final decree, and that it ought to be remanded for further proceedings; the cause is accordingly so remanded. And it is adjudged, &c. that the appellant recover his costs, &c.